### In re MORAMERICA FINANCIAL CORPORATION, Debtor.

### In re MORRIS PLAN LIQUIDATING CO., Debtor.

Bankruptcy Nos. 93–10268LC, 93–10269LC.

United States Bankruptcy Court, N.D. Iowa.

April 20, 1993.

---

Dan Childers, Cedar Rapids, IA, for debtors.

## ORDER RE: SEALING OF LISTS AND SCHEDULES

WILLIAM L. EDMONDS, Chief Judge.

### I.

The matter before the court is the motion filed by the debtors requesting that certain schedules, lists and portions of the statement of affairs be sealed by the court. The motion was filed February 19, 1993, at the outset of the cases. A preliminary order granting the motion was issued by the district court. That preliminary order was continued by the bankruptcy court by its order of February 24, 1993. However, the latter order also scheduled a continued hearing on the motion on notice to all creditors and parties-in-interest. The hearing was held April 6, 1993, in Cedar Rapids.

The motion requests that the following documents be sealed: the lists of creditors attached to schedules D and F; the portions of statement of financial affairs containing information on IRA accounts; the list of 20 largest creditors; the list of creditors; and the mailing matrix. According to the debtors, these documents contain the names and addresses of individuals who have invested money with the debtors. Morris Plan Liquidation Company (MORRIS PLAN) has approximately 12,000 investment accounts. MorAmerica Financial Corporation (MORAMERICA) has approximately 6,500 "thrift" accounts and 2,000 accounts holding subordinated debentures. The number of creditors represented by these accounts would be somewhat less because some individuals own multiple accounts.

Debtors maintain that they seek an order sealing these documents solely in order to

protect the privacy of the depositors. Debtors argue that public disclosure of the schedules and lists would be a "substantial invasion" of the privacy of the investors. The "Thrift Certificate Committee" appointed in MorAmerica takes the position that the names and addresses in the documents should be made public, but that the amounts of each creditor's claim be kept confidential. The "Thrift Committee" in Morris Plan takes the position that the names, addresses and claims amounts should remain confidential. The "Debentures Committee" in MorAmerica supports a general sealing of the documents so long as the committee members and the committee's counsel have access to the information. Various individual creditors spoke at the hearing, nearly all in support of full disclosure.

## II.

■ A discussion of this issue must start with the premise that papers filed in bankruptcy court and the court's dockets are public records open to examination. 11 U.S.C. § 107(a). As exceptions to this law, the court has the authority to "protect an entity with respect to a trade secret or confidential research, development or commercial information" or to "protect a person with respect to scandalous or defamatory matter...." 11 U.S.C. § 107(b). The court, for cause, may also impound lists filed under Fed.R.Bankr.P. 1007. *Id.* 1007(j). The authority for impoundment does not appear to extend to schedules and statements of affairs, although it is this rule that debtors rely on for the sealing of a document.

■ The reason for sealing the lists, schedules and other information does not fit neatly into the grounds provided in § 107(b) of the Bankruptcy Code. The identities of the investors and the amounts of their claims are not arguably scandalous or defamatory matters. Nor are they trade secrets or confidential research or development information. Certainly the information is commercial matter, and under some circumstances the court could understand a debtor's motivation for keeping the

information out of the hands of competitors. The "withholding of commercial information is directed toward not affording an unfair advantage to competitors by providing them information as to the commercial operations of the debtor." *Ad Hoc Protective Committee for 10½% Debenture Holders v. Itel Corp. (In re Itel Corp.),* 17 B.R. 942, 944 (9th Cir. BAP 1982). The debtors' commercial interests are not the focus of the motion.

The argument for keeping the names of investor creditors secret is to protect their privacy and perhaps to spare them some embarrassment. The court can understand and sympathize with the desire of some or many of these investors to keep their private affairs private. But there are countervailing considerations. An open record in this case enhances the likelihood that creditors will confer among themselves as to their best alternatives in this reorganization case. The ability to campaign among one's fellow creditors is an important ability in a bankruptcy case. Sealing of creditor lists inhibits that ability. If only names were disclosed, a creditor would lose the ability to identify and campaign among the most powerful voters. Some creditors might find it important to be able to purchase other claims. Legitimate transfers of claims would be inhibited by the sealing of creditor identities and claims.

■ The court must also be concerned with the public interest in determining whether to seal court records. *In re Epic Associates V,* 54 B.R. 445, 450 (Bankr. E.D.Va.1985). One should view with caution requests that court records or court proceedings be kept secret.

The court having considered the positions of the parties, concludes that the documents in question should be part of the court's public record and should no longer be sealed.

## *ORDER*

IT IS ORDERED that the debtors' motion to seal schedules, lists and statements is denied. The clerk of court shall open to

public view the records of the clerk heretofore sealed in this case.

SO ORDERED.